No. 79,678

IN THE MATTER OF THE CARE AND TREATMENT OF EMERY JOE INGRAM, *Respondent/Appellee.*
(965 P.2d 831)

Opinion filed October 30, 1998.

*Brenda M. Cameron,* special assistant attorney general, argued the cause, and *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, were with her on the brief for appellant.

*Robb Edmonds,* of Bath & Edmonds, P.A., of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The State appeals the dismissal of its petition charging Emery Joe Ingram with being a sexually violent predator under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.* The petition was not filed "within 75 days of the date the attorney general received the written notice" as provided by K.S.A. 1997 Supp. 59-29a04. The petition was filed 88 days after the attorney general was properly notified. The question raised is whether the 75-day time period is jurisdictional. The district court ruled it was and dismissed. We affirm.

Emery Joe Ingram was confined serving a sentence for rape. Prior to his release, the attorney general filed a petition to have him declared a sexually violent predator.

The Kansas Sexually Violent Predator Act provides the authority and procedure for the involuntary commitment for care and treatment of those persons adjudged to be sexually violent predators. K.S.A. 1997 Supp. 59-29a03 provides in pertinent part:

"(a) When it appears that a person may meet the criteria of a sexually violent predator as defined in K.S.A. 59-29a02 and amendments thereto, the agency with jurisdiction shall give written notice of such to the attorney general and the multidisciplinary team established in subsection (d), 90 days prior to:

"(1) The anticipated release from total confinement of a person who has been convicted of a sexually violent offense . . . .

. . . .

"(d) The secretary of corrections shall establish a multidisciplinary team which may include individuals from other state agencies to review available records of each person referred to such team pursuant to subsection (a). The team, within 30 days of receiving notice, shall assess whether or not the person meets the definition of a sexually violent predator, as established in K.S.A. 59-29a02 and amendments thereto. The team shall notify the attorney general of its assessment.

"(e) The attorney general shall appoint a prosecutor's review committee to review the records of each person referred to the attorney general pursuant to subsection (a). The prosecutor's review committee shall assist the attorney general in the determination of whether or not the person meets the definition of a sexually violent predator. The assessment of the multidisciplinary team shall be made available to the attorney general and the prosecutor's review committee."

There is no dispute in the instant case that the agency with jurisdiction complied with the notice provision of K.S.A. 1997 Supp. 59-29a03. The Secretary of Corrections sent written notice to the attorney general and the multidisciplinary team 90 days prior to the release date of Emery Joe Ingram that he fit within the definition of a sexually violent predator. However, the attorney general failed to take action within the time specified under the Act.

K.S.A. 1997 Supp. 59-29a04 provides:

"When it appears that the person presently confined may be a sexually violent predator and the prosecutor's review committee appointed as provided in subsection (e) of K.S.A. 59-29a03 and amendments thereto has determined that the person meets the definition of a sexually violent predator, the attorney general may file a petition, *within 75 days of the date the attorney general received the written notice by the agency of jurisdiction* as provided in subsection (a) of K.S.A. 59-29a03 and amendments thereto, alleging that the person is a sexually violent predator and stating sufficient facts to support such allegation." (Emphasis added.)

The attorney general filed a petition, alleging that the defendant is a sexually violent predator 88 days after receiving written notice, rather than within the 75-day time period required. The question of whether the petition must be filed within the 75-day period is a question of law. Our review is unlimited. See *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should be. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). Moreover, there is a presumption that the legislature does not intend to enact useless or meaningless legislation. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1321 (1997).

The statute we interpret plainly and unambiguously authorizes the attorney general to "file a petition, within 75 days of the date the attorney general received the written notice." K.S.A. 1997 Supp. 59-29a04. We need not reach the State's argument that the 75-day period is simply directory and not mandatory. K.S.A. 1997 Supp. 59-29a04 provides the sole authorization for the State to commence a proceeding to have a person declared a sexually violent predator. There is no provision in the Act for a petition to be commenced outside of the 75-day period.

The State argues that the words "may file" used in K.S.A. 1997 Supp. 50-29a04 provide the discretionary authority to file a petition beyond the 75 days. We find no merit in this argument, for a plain reading of the statute indicates that "may file" refers to the discretionary act of filing, not the time limit in which filing must occur.

The State also argues that it has indirectly complied with the provisions of the Sexually Violent Predator Act as a whole because it has given 25 days' notice to the defendant, 10 days more than the Act requires. The interpretation advanced by the State would have us conclude that since initially the attorney general must by statute be served with notice 90 days in advance of the release of the confined person, and the attorney general then must file the petition within 75 days, the statute contemplates that the confined person be given at least 15 days to respond (90 minus 75). The State contends that, therefore, it substantially complied with the

Act by giving the defendant 25 days' notice. Again, this argument ignores the plain language of the 75-day provision in K.S.A. 1997 Supp. 59-29a04 and suggests that the legislature did not really mean what it clearly said. We reject this contorted interpretation in favor of the plain and unambiguous language of the statute.

We hold that K.S.A. 1997 Supp. 59-29a04 provides the sole authority for the State to file a petition to have a person declared a sexually violent predator. The 75-day provision is jurisdictional, and a district court has no jurisdiction to entertain a petition filed beyond the time provided for in K.S.A. 1997 Supp. 59-29a04.

Affirmed.