(978 P.2d 300)

No. 80,649

IN THE MATTER OF THE CARE AND TREATMENT OF FRANKIE G. BROWN, *Respondent/appellant.*

—

Opinion filed April 30, 1999.

*Mark T. Schoenhofer,* of Wichita, for appellant.

*Kelli L. Newton,* assistant attorney general, of Topeka, and *Carla J. Stovall,* attorney general, for appellee.

Before MARQUARDT, P.J., RULON, J., and WAHL, S.J.

MARQUARDT, J.: Appellant Frankie G. Brown appeals the trial court's decision to deny his motion to dismiss. Brown moved to dismiss proceedings filed pursuant to the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.* Brown alleged the State failed to comply with the statutory requirements of K.S.A. 1995 Supp. 59-29a06, which requires a trial within 60 days of the probable cause hearing.

On May 16, 1996, the trial court found probable cause to believe that Brown was a sexually violent predator and ordered him to be taken into custody for an evaluation. Brown remained in detention until the trial. In June 1996, Brown filed a motion to reconsider which was denied in September 1996. No motion for extension of time was filed in the case.

On October 15, 1997, Brown moved to dismiss the proceeding, asserting that K.S.A. 1995 Supp. 59-29a06 mandates that a trial be conducted within 60 days of the probable cause hearing and that he had been substantially prejudiced by the delay. The motion was heard on October 30, 1997. The district court denied the motion on November 6, 1997. At the hearing, the court stated that the delay between the probable cause hearing held in May 1996 and June 1997 was to await the United States Supreme Court decision on the constitutionality of K.S.A. 59-29a01 *et seq.* The court also ruled that the 60-day limit was directory and that Brown was not prejudiced by the delay.

On January 26, 1998, over 600 days after the probable cause determination, the district court held a hearing and determined that Brown was a sexually violent predator and ordered him into the custody of Social Rehabilitation Services. The journal entry was filed on February 12, 1998. Brown filed a notice of appeal on January 27, 1998, appealing from "the motions, trial, sentence, and any and all adverse judgments, rulings, findings of fact and conclusions of law entered by the District Court in the above-captioned case."

Brown contends the 60-day limit in K.S.A. 1995 Supp. 59-29a06 is mandatory, and, as such, the trial court erred in overruling his motion to dismiss, alleging violation of a timely hearing pursuant to K.S.A. 1995 Supp. 59-29a06.

This issue involves the interpretation of a statute and is a question of law over which the appellate court has unlimited review. *State v. Fierro*, 257 Kan. 639, 643, 895 P.2d 186 (1995).

K.S.A. 1995 Supp. 59-29a06 states in part:

"Within 60 days after the completion of any hearing held pursuant to K.S.A. 59-29a05 and amendments thereto, the court shall conduct a trial to determine whether the person is a sexually violent predator. The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced."

Brown argues the provision is mandatory because of the use of the term "shall." He states that our Supreme Court has labeled such verbs as "shall, must, or will" as mandatory language. *P.W. v.*

*Kansas Dept. of SRS,* 255 Kan. 827, 836, 877 P.2d 430 (1994). Brown also construes the 60-day limit in K.S.A 59-29a06 as mandatory because the limit is intended to provide the speedy trial protection afforded criminal defendants.

The Kansas Sexually Violent Predator Act is civil in nature; therefore, speedy trial protections afforded criminal defendants, whether constitutional or statutory, do not apply. *Kansas v. Hendricks*, 521 U.S. 346, 369-70, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997). Brown's speedy trial challenge fails.

Despite Brown's misplaced application of speedy trial rights to K.S.A. 1995 Supp. 59-29a06, this court must consider whether the 60-day limitation pursuant to K.S.A. 1995 Supp. 59-29a06 is mandatory or directory. The State argues that if the statute is taken as a whole, the intent is that the provision be directory.

" 'In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

When defining "shall," the State suggests the interpretation of this term should include consideration of the fact that the same provision permits the continuance of the trial. The State asserts that by providing the discretion to continue, the time limit can only be construed as directory. The State argues that the use of the term "shall" was done only to emphasize the priority of these cases for purposes of assigning cases for trial.

In construing a statute, the court must interpret the statute to give the effect intended by the legislature. *West v. Collins*, 251 Kan. 657, 661, 840 P.2d 435 (1992). "[I]n construing statutes, statutory words are presumed to have been and should be treated as consciously chosen, with an understanding of their ordinary and common meaning and with the legislature having meant what it said. [Citation omitted.]" *International Ass'n of Firefighters v. City of Kansas City*, 264 Kan. 17, 31, 954 P.2d 1079 (1998). When a statute is plain and unambiguous, the court will not speculate as to the legislative intent behind it and will not read such a statute so

as to add something not readily found in the statute. *In re Marriage of Killman*, 264 Kan. 33, 43, 955 P.2d 1228 (1998).

In construing the language of K.S.A. 1997 Supp. 59-29a04, another statute dealing with sexual predators, our Supreme Court held that the "75-day provision is jurisdictional, and a district court has no jurisdiction to entertain a petition filed beyond the time provided," even though the word "shall" was not used in the statute. *In re Care & Treatment of Ingram*, 266 Kan. 46, 49, 965 P.2d 831 (1998).

The language of K.S.A. 1995 Supp. 59-29a06 is clear. The use of the term "shall" indicates the legislature mandated that the commitment trial be held within 60 days after the probable cause hearing. The inclusion of the language "[t]he trial may be continued" does not render the term "shall" discretionary. Additionally, continuance is conditional. A continuance (1) must be considered upon a motion; (2) must be granted for the purpose of due administration; and (3) cannot substantially prejudice the defendant. Neither the court nor the parties in this case filed a motion for continuance of trial. We hold that the 60-day requirement specified in K.S.A. 1995 Supp. 59-29a06 is mandatory and jurisdictional.

When a court disregards the clear mandated language of the statute relating to time limitations, we have no choice but to conclude that the district court erred in denying Brown's motion to dismiss. There was no trial within 60 days and no record of any motion for continuance by the court or either party.

Reversed.