(9 P.3d 595)

No. 83,766

In the Matter of the Care and Treatment of CONN RICHARD GORACKE, *Appellant.*

Opinion filed July 28, 2000.

*John C. Giele,* of Salina, for appellant.

*Terry R. Gross,* assistant attorney general, and *Carla J. Stovall,* attorney general, for appellee.

Before MARQUARDT, P.J., WAHL, S.J., and ERNEST L. JOHNSON, District Judge, assigned.

MARQUARDT, J.: Conn Richard Goracke appeals the trial court's finding that he is a sexually violent predator pursuant to K.S.A. 1999 Supp. 59-29a01.

Unfortunately, the record on appeal in this case is extremely sparse. In December 1997, Goracke was found incompetent to stand trial on two counts of aggravated indecent liberties with a child. Goracke's criminal history includes convictions on three counts of indecent liberties with a child, one count of aggravated sodomy, one count of indecent solicitation of a child, and two counts of endangering a child. On March 30, 1998, the trial court found probable cause to believe that Goracke is a sexually violent predator.

On April 23, 1998, the trial court granted the State's motion for a continuance, stating: "A new trial date will be set upon the receipt of the evaluation."

On August 26, 1998, Goracke's attorney was allowed to withdraw as counsel of record. A second attorney was appointed to represent Goracke, but he also withdrew. On August 31, 1998, John Giele was appointed to represent Goracke. On December 23, 1998, Goracke filed a motion for an independent psychological evaluation, which was granted.

Goracke's trial was held in April 1999. Goracke waived his right to a trial by a jury. The trial court found Goracke to be a sexually violent predator. Goracke was remanded to the custody of the Secretary of Social and Rehabilitation Services. Goracke timely appeals to this court.

### Petition Filing

Goracke questions whether the petition in this matter was properly filed by facsimile because there is no file-stamped copy of the petition in the trial court file. Goracke believes that the requirements of Supreme Court Rule 119 (1999 Kan. Ct. R. Annot. 162) and K.S.A. 60-203 were not properly followed. Goracke argues that the lack of appropriate procedure left the trial court without jurisdiction to consider the State's claims.

Filing a petition with the clerk of the court shall include receipt by the clerk of a petition by telefacsimile. K.S.A. 60-203(d). Fac-

simile filings shall be deemed filed as of the time printed by the court facsimile machine on the final page of the facsimile document. Supreme Court Rule 119(d)(2) (1999 Kan. Ct. R. Annot. 164).

In this case, the last page of the faxed petition shows that it was sent at 9:04 on Wednesday, March 4, 1998. The State properly complied with Rule 119(d)(2). Goracke's arguments to the contrary are not persuasive.

### *Timely Trial*

Goracke's probable cause hearing was held on March 25, 1998. Goracke's trial was held on April 29, 1999. Goracke claims that this delay violated K.S.A. 1999 Supp. 59-29a06.

A court is required to conduct a trial within 60 days after the completion of a K.S.A. 1999 Supp. 59-29a05 hearing to determine whether the person is a sexually violent predator. The use of the word "shall" in K.S.A. 1999 Supp. 59-29a06 is mandatory and not discretionary. In order for the statutory 60-day period to be extended, there must be a request with a showing of good cause or a motion by the court. A continuance is conditional and (1) must be considered upon a motion, (2) must be granted for the purpose of due administration, and (3) cannot substantially prejudice the defendant. See *In re Care & Treatment of Brown*, 26 Kan. App. 2d 117, 120, 978 P.2d 300 (1999). Only a specific motion for continuance will toll the 60-day period.

The State filed a motion for continuance in April 1998. There were delays associated with the withdrawal of two of Goracke's attorneys, and Goracke's motion for an independent psychological evaluation.

Goracke's hearing was held outside the time period allowed by K.S.A. 1999 Supp. 59-29a06. The Kansas Sexually Violent Predator Act is civil in nature; therefore, speedy trial protections afforded criminal defendants do not apply. *Brown*, 26 Kan. App. 2d at 119. However, in its ruling on Goracke's objection to the trial not being scheduled in a timely fashion under K.S.A. 1999 Supp. 59-29a06, the trial court stated:

"[T]he Court, having found that there was, on it's own motion, good cause and for the [due] administration of justice, not prejudicial to the respondent, did set this case in as timely a fashion as the psychiatric evaluations and the ability of counsel to prepare and be able to proceed, in the best interest of their client would permit, so that motion is overruled."

Goracke's case can be distinguished from *Brown*. In *Brown*, there was no motion by the trial court, no statement about the due administration of justice, and no statement about whether the defendant was prejudiced.

Therefore, the trial court's finding that Goracke is a sexually violent predator is affirmed.

### *Procedure*

Goracke contends that since he was found incompetent to stand trial on the December 1997 charges, the trial court was required to proceed with a hearing pursuant to K.S.A. 1999 Supp. 59-29a07(b). Goracke argues that the trial court erred by proceeding with the psychiatric phase of the trial without first meeting the requirements of K.S.A. 1999 Supp. 59-29a07(b).

Interpretation of a statute is a question of law. As such, this court is afforded an unlimited scope of review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

If the person charged with a sexually violent offense has been found incompetent to stand trial and is about to be released pursuant to K.S.A. 1999 Supp. 22-3305, and such person's commitment is sought pursuant to subsection (a), the court shall first hear evidence and determine whether the person did commit the act or acts charged. K.S.A. 1999 Supp. 59-29a07(b).

Goracke was found incompetent to stand trial for two counts of aggravated indecent liberties in December 1997. However, Goracke's prior convictions included three counts of indecent liberties with a child, one count of aggravated sodomy, and two counts of endangering a child. These convictions, even without a trial on the two counts of aggravated indecent liberties, place Goracke within the definition of a sexually violent predator. See K.S.A. 1999 Supp. 59-29a02(a). Thus, it was not necessary for the trial court to hold a hearing pursuant to K.S.A. 1999 Supp. 59-29a07(b).

The trial court did not err in refusing to hold a hearing pursuant to K.S.A. 1999 Supp. 59-29a07(b). The trial court correctly noted that the State could rely on prior convictions and still meet its burden of proof. The trial court did not err in refusing to hold a hearing on the 1997 charges.

### Prior Convictions

The trial court took judicial notice of the memorandum opinion in case No. 80 CRM 1086 from Saline County that showed Goracke was convicted on February 20, 1981, of one count of aggravated sodomy and three counts of indecent liberties with a child. On appeal, the convictions were affirmed by this court. The trial court found that there was ample documentation to show the convictions.

In this appeal, Goracke claims that the trial court should have required a certified copy of the journal entry. The admission of evidence lies within the sound discretion of the trial court. *State v. Lumley*, 266 Kan. 939, 950, 976 P.2d 486 (1999).

We agree with Goracke that it would have been preferable for the State to have introduced into evidence a certified copy of the journal entry. However, the trial court was able to view the original memorandum opinion, as well as a mandate from this court affirming Goracke's convictions and sentence.

We find no error in the trial court's decision to take judicial notice of Goracke's prior convictions.

### Sufficiency of the Evidence

Goracke claims that the record is lacking direct, competent evidence concerning the number of times he engaged in sexually inappropriate behavior with children. Goracke contends that the trial court's finding was not supported by substantial competent evidence.

A sexually violent predator is any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence. K.S.A. 1999 Supp. 59-29a02(a).

Goracke's prior convictions are for sexually violent offenses. See K.S.A. 1999 Supp. 59-29a02(e). Thus, our only question is whether Goracke suffers from a mental abnormality or personality disorder rendering him incapable of controlling his dangerous behavior. See *In re Care and Treatment of Crane,* Supreme Court opinion No. 82080, filed July 14, 2000.

Dr. Charles Befort testified that Goracke suffers from pedophilia, sexual attraction to males, exclusive type. Dr. Befort said Goracke denied having committed any crime and said that he was framed. Dr. Befort believed that Goracke posed a threat to children and characterized Goracke's behavior as predatory.

Robert Huerter, a clinical psychologist, also testified at Goracke's hearing. Huerter diagnosed Goracke as suffering from pedophilia, sexual attraction to males and females, exclusive type. Huerter characterized Goracke as being at a high risk to reoffend. Huerter also believed that Goracke preyed on children and befriended them in order to gain access.

The final witness for the State was Dr. J.L.L. Fernando. Dr. Fernando diagnosed Goracke as suffering from pedophilia, sexual attraction to males and females, nonexclusive type. Dr. Fernando placed Goracke at high risk to reoffend. Dr. Fernando testified that Goracke met the criteria of a sexually violent predator.

There is sufficient evidence to sustain the trial court's finding that Goracke is a sexually violent predator.

Affirmed.