(39 P.3d 89)

No. 86,177

In the Matter of the Care and Treatment of Michael Blackmore.

Opinion filed January 18, 2002.

*Michael G. Highland*, of Bonner Springs, for the appellant Michael Blackmore.

*Terra D. Morehead*, special assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellee State of Kansas.

Before, BEIER, P.J., GERNON and PIERRON, JJ.

PIERRON, J.: Michael Blackmore appeals the trial court's determination that he is a sexually violent predator in violation of K.S.A.

59-29a01 *et seq.* Blackmore challenges the jurisdiction of the trial court and the sufficiency of the ruling.

The facts are not in dispute. On April 13, 2000, the attorney general filed a petition seeking to have Blackmore declared a sexually violent predator. On April 28, 2000, the trial court held a hearing pursuant to K.S.A. 2000 Supp. 59-29a05 and found there was probable cause to believe Blackmore was a sexually violent predator. A journal entry was filed which ordered the matter to be "scheduled for jury trial within sixty (60) days or whenever the parties advise the Court that they are prepared to proceed to trial." This was apparently done without a clear waiver of the 60-day rule pursuant to K.S.A. 2000 Supp. 59-29a06 being obtained from Blackmore. The record is unclear, but it appears Blackmore's case was set for a trial on August 14, 2000, after he filed a motion requesting a jury trial on August 2, 2000 (the jury trial request was later waived). The trial court granted Blackmore's motion that same day. By this time, the 60-days had already run.

On August 8, 2000, Blackmore filed a motion for continuance of the trial based on the the following reasons: (1) defense counsel learned that an essential witness was unavailable on August 14, 2000; (2) the State did not oppose the continuance; and (3) Blackmore would suffer undue prejudice and harm if compelled to be tried without the attendance of the witness. The trial court granted the motion for continuance.

Blackmore's trial was held on October 5, 2000. After taking evidence, the trial court found beyond a reasonable doubt that Blackmore was a sexually violent predator. At no time while the case was in the district court did Blackmore challenge his trial as being outside the 60-day rule in 59-29a06. The court committed Blackmore to the custody of the Secretary of Social and Rehabilitation Services for control, care, and treatment at an appropriate facility until such time as his mental abnormality had so changed that he was safe to be at large.

Blackmore first states that more than 60 days elapsed between the probable cause determination and his original trial date. Therefore, he argues, the trial court did not have jurisdiction under 59-29a06 to find he was a sexually violent predator.

Under 59-29a06, a court is required to conduct a trial within 60 days after completion of the probable cause hearing in 59-29a05 to determine whether the person is a sexually violent predator. However, the trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice and when the respondent will not be substantially prejudiced. K.S.A. 2000 Supp. 59-29a06. Two cases have addressed this 60-day time limitation—*In re Care & Treatment of Brown*, 26 Kan. App. 2d 117, 978 P.2d 300 (1999), and *In re Care & Treatment of Goracke*, 27 Kan. App. 2d 837, 9 P.3d 595 (2000).

In *Brown*, the respondent's trial was held over 600 days after the probable cause determination. Brown moved to dismiss the proceedings in the lower court based on 59-29a06. In denying Brown's motion to dismiss, the trial court stated the cause of the delay was that the court was waiting for the United States Supreme Court's decision on the constitutionality of the Kansas Sexually Violent Predator Act. The trial court also held the 60-day limit was directory and Brown was not prejudiced by the delay. 26 Kan. App. 2d at 118.

This court in *Brown* reversed the trial court and found error in the denial of Brown's motion to dismiss. 26 Kan. App. 2d at 120. The *Brown* court made two main holdings. First, the court stated the criminal speedy trial protections do not apply in these types of proceedings: "The Kansas Sexually Violent Predator Act is civil in nature; therefore, speedy trial protections afforded criminal defendants, whether constitutional or statutory, do not apply. *Kansas v. Hendricks*, 521 U.S. 346, 369-70, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997). Brown's speedy trial challenge fails." 26 Kan. App. 2d at 119.

Second, the *Brown* court ruled the 60-day limit language in 59-29a06 was mandatory, not directory.

"The language of K.S.A. 1995 Supp. 59-26a06 is clear. The use of the term 'shall' indicates the legislature mandated that the commitment trial be held within 60 days after the probable cause hearing. The inclusion of the language '[t]he trial may be continued' does not render the term 'shall' discretionary. Additionally, continuance is conditional. A continuance (1) must be considered upon a motion;

(2) must be granted for the purpose of due administration; and (3) cannot substantially prejudice the defendant. Neither the court nor the parties in this case filed a motion for continuance of trial. *We hold that the 60-day requirement specified in K.S.A. 1995 Supp. 59-29a06 is mandatory and jurisdictional.*" (Emphasis added.) 26 Kan. App. 2d at 26.

In *Goracke*, the trial was also held outside the 60-day time period following the probable cause hearing. However, in *Goracke*, the reasons for the delay were different than in *Brown*. In *Goracke*, a month after the probable cause hearing, the trial court granted the State's motion for a continuance and continued the proceedings until a trial setting after receipt of an evaluation. There were also delays for several months associated with the withdrawal of two of Goracke's attorneys. Additionally, the trial court then granted Goracke's motion for an independent psychological evaluation.

At Goracke's trial, he objected to the proceedings as not being scheduled in a timely fashion under the 60-day rule in 59-29a06. The trial court overruled Goracke's objection, stating the court had found, on its own motion, that there was good cause. The court also stated that for the due administration of justice, it set the trial in as timely fashion as possible in light of the psychiatric evaluations and the ability of counsel to proceed in the best interests of their clients. The court noted there had been no prejudice to Goracke due to the delay.

The *Goracke* court upheld the trial court's ruling and the finding that he was a sexually violent predator. The court found the case distinguishable from the facts in *Brown*, since the latter involved no contemporaneous act to continue by the trial court, no statement about the due administration of justice, and no statement about whether the defendant was prejudiced. 27 Kan. App. 2d at 840.

The situation in the case at bar was not directly addressed in either *Brown* or *Goracke*. In both of those cases, the issue of the 60-day rule was addressed by the *trial court*. Here, the issue is raised for the first time on appeal. Blackmore argues his case raises jurisdictional issues based on the language in the *Brown* decision that "the 60-day requirement specified in K.S.A. 1995 Supp. 59-29a06 is mandatory and jurisdictional." 26 Kan. App. 2d at 120. As

a jurisdictional issue, we have an unlimited review regardless of whether the issue is raised in the district court. "The appellate courts may raise the issue of jurisdiction at any time if it appears there is a question as to jurisdiction. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited." *Maggard v. State*, 27 Kan. App. 2d 1060, Syl. ¶ 1, 11 P.3d 89 (2000). We will, therefore, address the issue on appeal.

The State distinguishes both *Brown* and *Goracke* in that the issue was addressed in the trial court either by a motion to dismiss or an objection. The State argues the issue of the 60-day rule is not properly before our court since it was not raised in the district court. The State relies on *State v. Henry*, 219 Kan. 310, 312, 548 P.2d 808 (1976), for the argument that the *Henry* court "noted that a question as to whether defendant was denied a speedy trial was not raised in district court and could not be considered initially on review."

The speedy trial issue in *Henry* was not jurisdictional, nor did the facts indicate a statutory violation of Henry's right to a speedy trial. Instead, Henry challenged the 180-day rule for bringing a defendant to trial as unconscionably long as applied to the period after the court declares a mistrial due to a hung jury. It has long been the rule of the appellate courts that where constitutional issues are not presented to the trial court, they will not be considered for the first time on appeal. See *State v. Smith*, 268 Kan. 222, 243, 993 P.2d 1213 (1999). We are not dealing with a constitutional matter in the present case, but one of statutory construction.

The fact of the matter is that *Brown* states that the 60-day requirement specified in 59-29a06 is *mandatory and jurisdictional*. The *Brown* court compared the 60-day rule in 59-29a06 to the 75-day rule for filing a petition alleging a sexually violent predator in K.S.A. 1997 Supp. 59-29a04. The *Brown* court based its ruling on the holding in *In re Care & Treatment of Ingram*, 266 Kan. 46, 49, 965 P.2d 831 (1998), where the court held the "75-day provision is jurisdictional, and a district court has no jurisdiction to entertain a petition filed beyond the time provided." The *Ingram* court made this finding even though the word "shall" was not used in 59-29a04.

*Ingram* was filed on October 30, 1998. 266 Kan. at 46. It appears *Ingram* prompted the legislature to amend 59-29a04 effective July 1, 1999, to add the language now found in subsection (b): "The provisions of this section are not jurisdictional, and failure to comply with such provisions in no way prevents the attorney general from proceeding against a person otherwise subject to the provision of K.S.A. 59-29a01 *et seq.*, and amendments thereto." L. 1999, ch. 140, sec. 4.

The district courts of Kansas are expressly created by the Kansas Constitution and are given only such jurisdiction as may be provided by the legislature. Kan. Const. Art. 3, § 6; *Thompson v. Amis,* 208 Kan. 658, 661, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972); *State v. Adams,* 2 Kan. App. 2d 135, 136-37, 576 P.2d 242, *rev. denied* 225 Kan. 845 (1978). Clearly, the Court of Appeals found there was no jurisdiction outside the 75-day rule in 59-29a04 and the legislature promptly amended the statute to provide the necessary jurisdiction. Arguably, the statute at issue in the present case, 59-29a06, is virtually an identical timing statute and absent language to the contrary, the statute is jurisdictional.

We must also note the legislature obviously knew how to cure the jurisdictional problem of filing outside the 60-day period in 59-29a06. While it remedied the problem pointed out by *Ingram* quickly, it has not modified the 60-day requirement for jurisdiction in *Brown* in the 2½ years since it was decided.

The State had 60 days under 59-29a06 to bring Blackmore to trial for a determination of his status as a sexually violent predator. Blackmore would have no obligation to help the State bring him to trial on the claim that he is a sexually violent predator. Similar to the right to a speedy trial, because the State is empowered to bring a sexually violent offender to trial, it is the State's obligation to ensure that the accused is provided a speedy trial within the Kansas Sexually Violent Predator Act. See *State v. Prewett,* 246 Kan. 39, 42, 785 P.2d 956 (1990)(speedy trial). The State failed to do so.

If the district court did not have jurisdiction to enter a judgment finding Blackmore to be a sexually violent predator, an appellate court does not acquire jurisdiction over the subject matter on ap-

peal. *Board of Sedgwick County Comm'rs v. Action Rent to Own, Inc.*, 266 Kan. 293, 296, 969 P.2d 844 (1998). The district court lost jurisdiction under 59-29a06 by allowing the 60-day period to run without either party filing a continuance. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should be. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). Additionally, since 60 days had passed, the trial court did not have jurisdiction to even consider Blackmore's motion for continuance either. See *e.g., Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 814, 987 P.2d 1096 (1999)(parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel).

The other argument presented by the State is that Blackmore waived the statutory time for his trial in two different ways: by requesting a continuance, despite the fact that it was outside the allotted time, and by not objecting to the journal entry which set the trial for "within sixty (60) days or whenever the parties advise the Court that they are prepared to proceed to trial." K.S.A. 2000 Supp. 59-29a06 provides for continuances of a sexually violent predator trial as long as the respondent will not be substantially prejudiced. Again, using the speedy trial right as an example, a defendant may waive the statutory right to a speedy trial by requesting or even acquiescing in the grant of a continuance. *State v. Southard*, 261 Kan. 744, 748, 933 P.2d 730 (1997). Blackmore requested a continuance because the unavailability of a necessary witness would cause him undue prejudice. However, this position is inherently flawed because Blackmore had no hand in causing any delay until after the statutory time period had already passed. Compare *State v. Warren*, 224 Kan. 454, 456, 580 P.2d 1336 (1978)(delays which result from defendant's application or fault are not to be counted in computing the statutory period).

As to whether the scheduling journal entry waived Blackmore's right to a hearing in 60 days, there is no record of a waiver being made in court of which Blackmore was aware. There must be a clear waiver for it to abrogate the time frames required by the statute.

Blackmore also challenges the sufficiency of the evidence supporting the court's finding that he was a sexually violent predator. While our previous ruling disposes of this matter in Blackmore's favor, we will address his other argument since further review is possible.

" 'When findings of fact are attacked for insufficiency of evidence or as being contrary to the evidence, the duty of the appellate court extends only to a search of the record to determine whether substantial competent evidence exists to support the findings. An appellate court will not weigh the evidence or pass upon the credibility of the witnesses. Under these circumstances the reviewing court must review the evidence in the light most favorable to the party prevailing below. [Citations omitted.]' " *In re Adoption of R.W.B.*, 27 Kan. App. 2d 549, 550, 7 P.3d 306, *rev. denied* 270 Kan. 898 (2000).

A sexually violent person is any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence. K.S.A. 2000 Supp. 59-29a02(a).

Blackmore does not challenge the first prong of the two-part test in K.S.A. 2000 Supp. 59-29a02(a), namely his previous convictions. This prong is clearly satisfied. In 1987, Blackmore pled no contest to a charge of aggravated indecent solicitation of a child. In 1990, Blackmore was convicted of indecent liberties with a child.

Rather, Blackmore challenges the evidence supporting the court's finding under the second prong of 59-29a02. He argues the court's diagnosis that he suffered from pedophilia was premised upon speculative and tenuous evidence. He states both of the State's witnesses, Jan Kolb and Dr. Jean Policard, spent approximately 15 and 30 minutes, respectively, evaluating him. Blackmore states he has continuously denied the allegations in one of his convictions. He contends the diagnosis by both of the expert witnesses is flawed since it is based on convictions that occurred 12 years ago. Additionally, he says the diagnosis of pedophilia was not diagnosed at the time of his convictions, but only after the petition alleging him to be a sexually violent predator was filed.

The State correctly points out that Blackmore's challenge to Kolb and Dr. Policard's diagnosis is akin to invited error. See *NEA-*

*Topeka v. U.S.D. No. 501,* 269 Kan. 534, 547, 7 P.3d 1174 (2000)(a party may not invite error and then complain of that error on appeal). Kolb and Dr. Policard rendered their opinion that Blackmore was a pedophile based on all the available information. Both experts testified that Blackmore refused to cooperate in either a clinical interview or in testing sexual arousal patterns during the evaluation process and they were forced to rely on the written reports. At the trial, defense counsel informed the court that Blackmore was even noncommunicative with the defense's expert witness.

We agree with Blackmore that using convictions that occurred nearly 12 years ago is suspect. However, Blackmore has not given the experts any help in determining if his current behavioral status has changed. Due to his belief in a conspiracy involving at least one of his previous convictions, Blackmore has refused to participate in and/or complete any sexual offender treatment. What we have in this case is testimony from Kolb and Dr. Policard that Blackmore is a sexually violent predator. Kolb testified that Blackmore had been convicted of sexually violent offenses and that the information collected from Blackmore's previous convictions indicated a pattern of attraction to children that would substantiate a diagnosis of pedophilia. Kolb stated Blackmore's pedophilia was a mental abnormality that affected the volitional control of Blackmore's behavior. Kolb also testified several factors indicated a high risk that Blackmore would reoffend. Kolb stated those factors were that Blackmore was on probation at the time he committed the second offense, the victims were young children, one of the victims was a male, he had a predatory pattern of finding women with children, one of the child victims tested positive for consumption of alcohol, and Blackmore refused to participate in sexual offender treatment and substance abuse treatment while incarcerated.

Dr. Policard diagnosed Blackmore as suffering from pedophilia and also diagnosed him with a schizotypal personality disorder with narcissistic traits. Dr. Policard testified Blackmore has some odd beliefs or magical thinking and inappropriate constricted affect. Dr. Policard also testified Blackmore demonstrated a lack of ability to confide in others, evidence of social anxiety, and suspiciousness or

paranoia concerning an alleged conspiracy against him. Dr. Poli-card said the staff at Larned saw some of the isolated behavioral patterns while he was incarcerated.

We find the trial court's decision that Blackmore is a sexually violent predator under 59-29a02(a) is supported by substantial competent evidence.

We reverse due to the trial court's lack of jurisdiction to hear the proceeding due to a failure to bring it in a timely fashion.

Reversed.