No. 86,906

In the Matter of the Care and Treatment of EDGAR J. SEARCY,
*Respondent/Appellant.*

(49 P.3d 1)

Opinion filed
July 12, 2002.

*Robert A. Anderson*, of Ellinwood, argued the cause and was on the briefs for appellant.

*Loren F. Snell, Jr.*, assistant attorney general, argued the cause, and *Terry R. Gross*, assistant attorney general, and *Carla J. Stovall*, attorney general, were with him on briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Edgar Searcy appeals a jury finding that he is a sexually violent predator, as defined under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.* After the issues were briefed on appeal, Searcy for the first time claimed that the district court lacked jurisdiction because he had not been brought to trial within the mandatory time period set forth in K.S.A. 2001 Supp. 59-29a06.

On April 17, 2000, a petition was filed to have Searcy declared a sexually violent predator under the Kansas Sexually Violent Predator Act. At the time the petition was filed, Searcy was less than 40 days from his scheduled release from Hutchinson Correctional Facility, where he was serving a sentence for sexual exploitation of a child under the age of 16. On May 17, 2000, Searcy waived his right to contest the probable cause finding and was sent to Larned State Security Hospital (Larned) for an evaluation to determine whether he was a sexually violent predator. The district court granted Searcy's motion for an independent psychological evaluation. A jury trial was held February 15 and 16, 2001.

The parties stipulated that Searcy had been adjudicated guilty by a Florida state court in 1988 following a plea of nolo contendere to two counts of sexual acts with a child and one count of a lewd and lascivious act with a child under the age of 16. They stipulated that Searcy had been adjudicated guilty by the district court in Barton County, Kansas, in 1996, following a plea of nolo contendere to the crime of sexual exploitation of a child under the age of 16. The parties also stipulated that these were sexually violent crimes. Searcy was originally charged in Barton County with one count of aggravated indecent liberties with a child, aggravated indecent solicitation of a child, and lewd and lascivious behavior.

Searcy's Florida convictions arose out of allegations that he sexually molested his step-daughter. Searcy informed the evaluators at Larned that he had pled no contest to these charges because he was having a nervous breakdown, was mentally unstable at the time, and did not want the child to have to testify. While in prison in Florida, a newspaper ad, run either at Searcy's direction or at the direction of a friend of Searcy's, led to the development of a relationship between Searcy and another woman. Soon after being released from his incarceration, Searcy married the woman. Within 3 months, it was alleged that Searcy sexually molested his new step-daughter. Searcy's conviction in Kansas arose out of these allegations, although the allegations were not made until a year later when Searcy filed for custody of his son. While in Florida, Searcy underwent treatment for sex offenders, but made little progress and did not successfully complete the program. Searcy could not receive treatment in Kansas for his sex offenses because he would not admit that he committed the offenses.

After the evidence was presented, the jury found Searcy to be a sexually violent predator. Searcy was committed into the custody of the Secretary of Social and Rehabilitation Services to be held in a secure facility for care, treatment, and control, until such time as he is safe to be released. A timely notice of appeal was filed. This court has jurisdiction by transfer of its own motion pursuant to K.S.A. 20-3018(c). As stated previously, Searcy first claimed the trial court did not have jurisdiction over him on appeal and after submitting his appellate brief. An objection based on lack of subject matter jurisdiction may be raised for the first time on appeal. *Rivera v. Cimarron Dairy*, 267 Kan. 865, 868, 988 P.2d 235 (1999). This court granted Searcy leave to brief this additional issue.

## STATUTORY PROVISIONS

The Kansas Sexually Violent Predator Act was enacted by the legislature in 1994 to create a separate involuntary civil commitment process for long-term control, care, and treatment of sexually violent predators. K.S.A. 2001 Supp. 59-29a01. Three statutes which impose timelines for events under the Act and which affect our decision are set forth below:

"When it appears that a person may meet the criteria of a sexually violent predator as defined in K.S.A. 59-29a02 and amendments thereto, the agency with jurisdiction *shall* give written notice of such to the attorney general and the multidisciplinary team established in subsection (d), *90 days prior* to:

(1) The anticipated release from total confinement of a person who has been convicted of a sexually violent offense . . .;

(2) release of a person who has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial . . .;

(3) release of person who has been found not guilty by reason of insanity of a sexually violent offense . . .;

(4) release of a person who has been found not guilty of a sexually violent offense. . . ." (Emphasis added.) K.S.A. 2001 Supp. 59-29a03(a).

"When it appears that the person presently confined may be a sexually violent predator and the prosecutor's review committee appointed as provided in subsection (e) of K.S.A. 59-29a03 and amendments thereto has determined that the person meets the definition of a sexually violent predator, the attorney general may file a petition, *within 75 days* of the date the attorney general received the written notice by the agency of jurisdiction as provided in subsection (a) of K.S.A. 59-29a03 and amendments thereto, alleging that the person is a sexually violent predator and stating sufficient facts to support such allegation." (Emphasis added.) K.S.A. 2001 Supp. 59-29a04(a).

"*Within 60 days* after the completion of any hearing held pursuant to K.S.A. 59-29a05 and amendments thereto, the court *shall* conduct a trial to determine whether the person is a sexually violent predator. The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and when the respondent will not be substantially prejudiced." (Emphasis added.) K.S.A. 2001 Supp. 59-29a06.

K.S.A. 2001 Supp. 59-29a05 provides for a probable cause hearing to be held after a petition has been filed to declare an individual a sexually violent predator.

Searcy contends the trial court lacked jurisdiction under K.S.A. 2001 Supp. 59-29a06 to declare him a sexually violent predator. He asserts that jurisdiction to proceed under the Act was lost when he was not brought to trial within 60 days after waiver of his right to contest the probable cause finding. The State first argues that the statute's 60-day requirement is not jurisdictional and, secondly, that Searcy clearly and explicitly waived the requirement. Interpretation of a statute is a question of law over which an appellate court's review is unlimited. *State v. Murry*, 271 Kan. 223, 224, 21 P.3d 528 (2001); *In re Tax Appeal of American Restaurant Operations*, 264 Kan. 518, 529, 957 P.2d 473 (1998).

Because Searcy claims he was not brought to trial within the 60-day period as required by K.S.A. 2001 Supp. 59-29a06, it is necessary to review the district court record. After the State's petition to declare Searcy a sexually violent predator was filed on April 17, 2000, Searcy filed a pro se notice of removal from state court in the United States District Court of Kansas on May 1, 2000. In filing this notice, Searcy also attached a pro se motion to treat as an original action and an unsigned motion for writ of habeas corpus.

On May 9, 2000, the state district court set Searcy's hearing to contest probable cause for May 11, 2000. Searcy filed a motion for continuance of the May 11, 2000, hearing. The motion was granted on May 15, 2000, and the hearing to contest probable cause was rescheduled for June 5, 2000. On May 9, 2000, Searcy filed a motion objecting to and requesting a change of venue in the state action. At a hearing on May 17, 2000, Searcy waived his right to a hearing to contest probable cause in the state action and filed a pro se request for discovery and admittances. K.S.A. 2001 Supp. 59-29a06 required the trial to be set within 60 days of May 17, 2000.

On May 23, 2000, the district court set the matter for hearing on August 11, 2000. Searcy filed a pro se motion to disqualify the judge in the state action on May 25, 2000. On June 5, 2000, Searcy's motion to remove the case was denied by the federal court, and the case was remanded back to state court. On June 14, 2000, the district judge in the state action set the matter for trial and for hearing on the outstanding motions on August 11, 2000. The August 11, 2000, trial date *exceeded the statute's 60-day limitation* as calculated from the May 17, 2000, waiver of the probable cause hearing.

On June 16, 2000, Searcy filed a pro se motion for rehearing in the United States District Court of Kansas. Searcy's psychological evaluation at Larned was completed on or around June 27, 2000. On July 6, 2000, Searcy filed a motion for independent psychological evaluation and a demand for jury trial. On July 19, 2000, Searcy requested that the independent evaluation be performed by a different evaluator than originally requested. On that same day, Searcy filed a pro se motion for a discovery conference. On July

20, 2000, a hearing on Searcy's motion for independent evaluation was set for July 31, 2000. On July 22, 2000, Searcy wrote a letter to State's counsel giving notice of his intent to take depositions on August 4 or 5, 2000. On July 24, 2000, Searcy's request for rehearing was denied by the federal court.

At a hearing on August 2, 2000, the state district court, among other things, found Searcy's motion to remove from state court moot, denied Searcy's motion to change venue, allowed Searcy to depose witnesses, granted Searcy's motion for jury trial, and granted Searcy's motion for independent evaluation. On August 10, 2000, without stating the reason, the district court rescheduled the August 11, 2000, trial date for October 10, 2000. It is important to note that the October 10, 2000, trial setting once again exceeded the statutory 60-day limitation.

The State filed motions for continuances on October 10, 2000, and November 22, 2000, which were granted by the district court. Searcy's trial began on February 15, 2001-274 days after Searcy waived his right to a hearing to contest probable cause. The court record does not indicate that the 60-day period to conduct a trial was exceeded for good cause.

## JURISDICTION

When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed in the language of the statute, rather than determine what the law should be. *In re Care and Treatment of Ingram*, 266 Kan. 46, 48, 965 P.2d 831 (1998); *Kilner v. State Farm Mut. Auto. Ins. Co.*, 252 Kan. 675, 682, 847 P.2d 1292 (1993). It is presumed that the legislature understood the meaning of and intended the words used and that the legislature used the words in accordance with their ordinary and common meaning. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 245, 834 P.2d 368 (1992). "In construing statutes and determining legislative intent, several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible." *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998).

Is the 60-day period in K.S.A. 2001 Supp. 59-29a06 jurisdictional? Searcy relies upon *In re Care and Treatment of Blackmore*, 30 Kan. App. 2d 90, 39 P.3d 89 (2002), and *In re Care and Treatment of Brown*, 26 Kan. App. 2d 117, 978 P.2d 300 (1999), in support of his contention that the 60-day period is jurisdictional.

We note that there are at least two reasons why Searcy benefits from the 60-day period being jurisdictional. First, the question of whether subject matter jurisdiction exists is a question of law over which this court has unlimited review, and an objection based on lack of subject matter jurisdiction may be raised at any time, even when it is raised for the first time on appeal. *Rivera*, 267 Kan. at 868; *State ex rel. Secretary of SRS v. Mayfield*, 25 Kan. App. 2d 452, 455, 966 P.2d 85 (1998). Thus, Searcy's failure to raise this issue below does not preclude review on appeal. Secondly, a party cannot waive or consent to the jurisdiction of a court if the court lacks or has lost subject matter jurisdiction. *In re Marriage of Mosier*, 251 Kan. 490, Syl. ¶ 1, 836 P.2d 1158 (1992); *Harris v. Christy*, 166 Kan. 395, Syl. ¶ 5, 201 P.2d 1067 (1949). If jurisdictional, failure to bring a respondent to trial within 60 days of the probable cause determination would deprive the court of jurisdiction and require the court to dismiss the action for violation of the respondent's right to be brought to trial within 60 days, rendering the State's contention that Searcy waived the 60-day limitation by his actions meritless.

### K.S.A. 2001 Supp. 59-29a04 75-day Limitation

In *Ingram*, 266 Kan. 46, the State appealed the dismissal of its petition charging Ingram as being a sexually violent predator under the Kansas Sexually Violent Predator Act. At the time the petition was filed, Ingram was confined, serving a sentence for rape. However, the petition was not filed within 75 days of the attorney general receiving the written notice as provided for by K.S.A. 1997 Supp. 59-29a04. The attorney general had filed the petition 88 days after receiving written notice, rather than within the 75-day period. Ingram asserted that the 75-day period was jurisdictional. The district court agreed, and the petition was dismissed. The State appealed.

The *Ingram* court noted that there was no dispute as to whether the agency with jurisdiction complied with the notice provision of K.S.A. 1997 Supp. 59-29a03. The Secretary of Corrections sent written notice that Ingram fit within the definition of a sexually violent predator to the attorney general and the multidisciplinary team 90 days prior to Ingram's release date. The court then observed that the attorney general failed to take action within the time specified under K.S.A. 1997 Supp. 59-29a04, which provided:

"When it appears that the person presently confined may be a sexually violent predator and the prosecutor's review committee appointed as provided in subsection (e) of K.S.A. 59-29a03 and amendments thereto has determined that the person meets the definition of a sexually violent predator, the attorney general may file a petition, *within 75 days of the date the attorney general received the written notice by the agency of jurisdiction* as provided in subsection (a) of K.S.A. 59-29a03 and amendments thereto, alleging that the person is a sexually violent predator and stating sufficient facts to support such allegation." (Emphasis added.)

The *Ingram* court noted that the question of whether the petition must be filed within the 75-day period was a question of law; therefore, review was unlimited. 266 Kan. at 48; see *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). The court observed that the statute plainly and unambiguously authorized the attorney general to "file a petition, within 75 days of the date the attorney general received the written notice." K.S.A. 1997 Supp. 59-29a04; see 266 Kan. at 48. Finding that there was no provision in the Act for a petition to be commenced outside of the 75-day period, the court held that K.S.A. 1997 Supp. 59-29a04 provided the sole authority for the State to file a petition to have a person declared a sexually violent predator. The court determined that the 75-day limitation was jurisdictional, determined that the district court had no jurisdiction to entertain a petition filed beyond the time provided for in K.S.A. 1997 Supp. 59-29a04, and affirmed the district court. 266 Kan. 48-49.

The legislature's response to the decision in *Ingram* is instructive. Less than 1 year after the *Ingram* decision, the legislature amended 59-29a04 to include a provision stating that the failure to comply with the provisions of that statute, including the 75-day period, was not jurisdictional. L. 1999, ch. 140, sec. 4; see K.S.A.

2001 Supp. 59-29a04(b); *Blackmore*, 30 Kan. App. 2d at 95. At the same time, the legislature also amended 59-29a03, which requires that the attorney general be given 90 days' notice that an individual might meet the criteria of a sexually violent predator, by including a provision stating that the provisions within that statute were also not jurisdictional. L. 1999, ch. 140, sec. 3; see K.S.A. 2001 Supp. 59-29a03(f).

Strict compliance with the 60-day period under K.S.A. 2001 Supp. 59-29a06 is essential to the preservation of the rights of those against whom a petition has been filed and a probable cause finding has been made. Even though the term "shall" is not conclusive, it indicates the legislature intended the 60-day period to be more than directory. The intent for the 60-day provision to be mandatory may also be inferred from the legislative history of the Act. The fact the legislature amended both the provision specifically addressed in *Ingram*, as well as another statute within the Act, but did not amend the statute in question, is supportive of the assumption that the 60-day period provided for in K.S.A. 2001 Supp. 59-29a06 was intended by the legislature to be mandatory. When the legislature fails to modify a statute to avoid the standing judicial construction of that statute, it is presumed that the legislature agreed with the court's interpretation. *In re Adoption of B.M.W.*, 268 Kan. 871, 881, 2 P.3d 159 (2000).

<u>Prior Decisions Interpreting 59-29a06</u>

Two Court of Appeals decisions have held that the requirement in 59-29a06 that trial be conducted within 60 days after the probable cause determination is jurisdictional.

In *Brown*, 26 Kan. App. 2d 117, the trial court found probable cause to believe that Brown was a sexually violent predator and ordered him to be taken into custody for an evaluation on May 16, 1996. On October 15, 1997, Brown moved to dismiss the proceeding, asserting that K.S.A. 1995 Supp. 59-29a06 mandates that a trial be conducted within 60 days of the probable cause hearing and that he had been substantially prejudiced by the delay. No motion for extension of time had been filed in the case. The district court denied the motion. At the hearing, the court stated that the

delay between the probable cause hearing held in May 1996 and June 1997 was to await the United States Supreme Court decision on the constitutionality of the Kansas Sexually Violent Predator Act. The court also ruled that the 60-day limitation was directory and that Brown was not prejudiced by the delay. Brown remained in detention until trial. On January 26, 1998, over 600 days after the probable cause determination, the district court held a hearing and determined that Brown was a sexually violent predator. On appeal, Brown alleged a violation of a timely hearing pursuant to K.S.A. 1995 Supp. 59-29a06, contending that the 60-day limitation in K.S.A. 1995 Supp. 59-29a06 was mandatory and that the trial court erred in overruling his motion to dismiss.

The *Brown* court observed that in construing a statute, the court must interpret the statute to give the effect intended by the legislature. 26 Kan. App. 2d at 119 (citing *West v. Collins*, 251 Kan. 657, 661, 840 P.2d 435 [1992]). " 'In construing statutes, statutory words are presumed to have been and should be treated as consciously chosen, with an understanding of their ordinary and common meaning and with the legislature having meant what it said. [Citation omitted.]' " 26 Kan. App. 2d at 119 (quoting *International Ass'n of Firefighters v. City of Kansas City*, 264 Kan 17, 31, 954 P.2d 1079 [1998]). It noted that when a statute is plain and unambiguous, the court will not speculate as to the legislative intent behind the statute and will not read such a statute so as to add something not readily found in the statute. 26 Kan. App. 2d at 119-20 (citing *In re Marriage of Killman*, 264 Kan. 33, 43, 955 P.2d 1228 [1998]).

The *Brown* court observed that in construing the language of K.S.A. 1997 Supp. 59-29a04, this court held that the " '75-day provision is jurisdictional, and a district court has no jurisdiction to entertain a petition filed beyond the time provided,' " noting that this was done despite the word "shall" not being used in the statute. 26 Kan. App. 2d at 120 (citing *Ingram*, 266 Kan. at 49). The *Brown* court stated that the language of K.S.A. 1995 Supp. 59-29a06 was clear and that the use of the term "shall" indicated that the legislature had mandated that the commitment trial be held within 60 days after the probable cause hearing. The court held the inclusion

of the language "[t]he trial may be continued" does not render the term "shall" discretionary. 26 Kan. App. 2d at 120.

The court also observed that continuance is conditional. "A continuance (1) must be considered upon a motion; (2) must be granted for the purpose of due administration; and (3) cannot substantially prejudice the defendant." 26 Kan. App. 2d at 120. After noting that neither the district court nor the parties had filed a motion for continuance of trial, the *Brown* court held that the 60-day requirement specified in K.S.A. 1995 Supp. 59-29a06 was mandatory and jurisdictional. 26 Kan. App. 2d at 120.

In *Blackmore*, 30 Kan. App. 2d 90, the attorney general filed a petition seeking to have Blackmore declared a sexually violent predator on April 13, 2000. On April 28, 2000, the trial court held a hearing pursuant to K.S.A. 2000 Supp. 59-29a05 and found there was probable cause to believe Blackmore was a sexually violent predator. A journal entry was filed which ordered that the matter be " 'scheduled for jury trial within sixty (60) days or whenever the parties advise the Court that they are prepared to proceed to trial.' " 30 Kan. App. 2d at 91. The *Blackmore* court noted that the journal entry was apparently filed without a clear waiver of the 60-day period under K.S.A. 2000 Supp. 59-29a06 being obtained from Blackmore. The record appeared to indicate that Blackmore's case was set for a trial on August 14,·2000, after Blackmore filed a motion requesting a jury trial on August 2, 2000, which was later waived. The trial court granted Blackmore's motion that day. The *Blackmore* court noted, however, that by that time, the 60-day limitation had already been exceeded. 30 Kan. App. 2d at 91.

On August 8, 2000, Blackmore moved for continuance of the trial for the following reasons: (1) defense counsel had learned that an essential witness was unavailable on August 14, 2000; (2) the State did not oppose the continuance; and (3) Blackmore would suffer undue prejudice and harm if compelled to be tried without the attendance of the witness. The motion for continuance was granted.

Blackmore's trial was held on October 5, 2000. The trial court found beyond a reasonable doubt that Blackmore was a sexually violent predator. At trial, Blackmore did not challenge his trial as

being outside the 60-day period provided for under K.S.A. 2000 Supp. 59-29a06. Blackmore was committed to the custody of the Secretary of Social and Rehabilitation Services for control, care, and treatment at an appropriate facility until such time as his mental abnormality had so changed that he was safe to be at large.

Blackmore pointed out for the first time, on appeal, that more than 60 days had elapsed between the probable cause determination and his original trial date and argued that the trial court did not have jurisdiction under K.S.A. 2000 Supp. 59-29a06 to find he was a sexually violent predator. The *Blackmore* court observed that under K.S.A. 2000 Supp. 59-29a06, a court is required to conduct a trial within 60 days after completion of the probable cause hearing under K.S.A. 2000 Supp. 59-29a05. It noted, however, that the trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice and when the respondent will not be substantially prejudiced. 30 Kan. App. 2d at 92-93; see K.S.A. 2000 Supp. 59-29a06. In reaching this decision, the court noted two cases that had previously addressed this 60-day limitation—*In re Care and Treatment of Goracke*, 27 Kan. App. 2d 837, 9 P.3d 595 (2000), and *Brown*, 26 Kan. App. 2d at 117.

The *Blackmore* court noted that in both *Brown* and *Goracke* the issue of the 60-day period had first been addressed by the trial court. In *Blackmore*, the issue was being raised for the first time on appeal. Blackmore argued his case raised jurisdictional issues based on the *Brown* court's decision that the 60-day limitation under K.S.A. 1995 Supp. 59-29a06 was mandatory and jurisdictional. The *Blackmore* court observed that it had unlimited review to determine jurisdiction, regardless of whether the issue was previously raised in the district court. It noted that the appellate courts may raise the issue of jurisdiction at any time and whether jurisdiction exists is a question of law over which the appellate court's scope of review is unlimited. 30 Kan. App. 2d at 94 (citing *Maggard v. State*, 27 Kan. App. 2d 1060, Syl. ¶ 1, 11 P.3d 89 [2000]).

The *Blackmore* court held that unless the statutory provisions to continue the trial of an action brought under the Kansas Sexually Violent Predator Act are followed, district courts are without juris-

diction to entertain actions after the expiration of 60 days. 30 Kan. App. 2d 90, Syl. ¶ 2. The *Blackmore* court pointed out that "a defendant does not acquiesce to an extension beyond 60 days by requesting a continuance after the 60 days have already run." 30 Kan. App. 2d 90, Syl. ¶ 3. The district court's decision that Blackmore was a sexually violent predator under K.S.A. 2000 Supp. 59-29a02(a) was reversed due to the district court's lack of jurisdiction to hear the proceeding because of the failure to bring the matter to trial in a timely fashion. 30 Kan. App. 2d at 95-96.

## ANALYSIS

The mandatory language of K.S.A. 2001 Supp. 59-29a06 is analogous to the statutory right to speedy trial in criminal cases. This analogy was recognized by the Court of Appeals in *Blackmore* in holding that the State bears the obligation to ensure that an accused is brought to trial under the Kansas Sexually Violent Predator Act within the 60-day period. In arriving at this decision, the court analogized the 60-day period to that of the statutory right to speedy trial in Kansas under to K.S.A. 22-3402. 30 Kan. App. 2d at 96. See *City of Elkhart v. Bollacker*, 243 Kan. 543, 546, 757 P.2d 311 (1988) (State bears burden of bringing accused to trial within allotted time for speedy trial and accused is not required to take affirmative action to see that his or her right is observed).

K.S.A. 22-3402(1) provides in part:

"If any person charged with a crime and held in jail solely for reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall to be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court . . . ."

It is also noteworthy that K.S.A. 2001 Supp. 59-29a06 and K.S.A. 2001 Supp. 59-29a07 grant a respondent under the Act the right to such things as court-appointed counsel, a jury trial, and a unanimous jury verdict. See *In re Care and Treatment of Hay*, 263 Kan. 822, 831, 953 P.2d 666 (1998) (the Act provides for all necessary basic protections to meet due process requirements). As the United State Supreme Court recognized in *Kansas v. Hendricks*,

521 U.S. 346, 364, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997), the procedural and evidentiary protections afforded under the Act demonstrate the legislature's intent to confine only a narrow class of individuals and only upon the meeting of the strictest procedural standards.

Pursuant to K.S.A. 2001 Supp. 59-29a06, the only exception to the requirement that the respondent be brought to trial within 60 days is if the matter is continued upon the request of either party and a showing of good cause is made or is continued by the court on its own motion for due administration of justice, and the respondent will not be substantially prejudiced. The State contends Searcy was the direct cause of the expiration of the 60-day period because he made numerous attempts to delay the matter from proceeding to trial. The State asserts that Searcy's filing of the notice of removal and motion for rehearing in federal court stayed or tolled the 60-day period. The State contends Searcy further delayed the matter from proceeding to trial by filing discovery requests, a motion to disqualify the judge, a demand for jury trial, and a motion for independent psychological evaluation. None of these requests, however, appear to have had any effect upon the trial court's initial setting of trial beyond the 60-day period.

The State contends it was ready to proceed to trial after Searcy's psychological evaluation was completed on June 27, 2000, but contends Searcy's pro se motions caused the delay. If trial had been set for June 27, 2000, the State would have a persuasive argument. Trial, however, was set for August 11, 2000. The State's claim that this matter could have proceeded to trial within the 60-day period is clearly not supported by the record because there was no attempt on behalf of the district court or the State to set trial during that period. The State cannot on appeal attempt to allege that Searcy's actions caused the delay when there is no evidence in the record to support this claim. The State also asserts that under the circumstances Searcy cannot claim he was prejudiced by the failure of the matter to proceed to trial within the statute's 60-day limitation.

## Waiver

This case differs from *Goracke*, 27 Kan. App. 2d 837, in which

the respondent objected to the failure of the trial court to bring him to trial within the 60-day period. The delay in *Goracke* resulted from withdrawal of two of the respondent's attorneys and the respondent's motion for an independent psychological evaluation. After Goracke objected to the delay, the trial court made the requisite finding and determined that any delay was for the due administration of justice and that Goracke had not been prejudiced.

The *Goracke* court noted a court is required to conduct a trial within 60 days after the completion of a K.S.A. 1999 Supp. 59-29a05 hearing to determine whether the person is a sexually violent predator. The *Goracke* court concluded that in order for the statutory 60-day period to be extended, there must be a request with a showing of good cause or a motion by the court. A continuance is conditional and (1) must be considered upon a motion, (2) must be granted for the purpose of due administration; and (3) cannot substantially prejudice the defendant. The *Goracke* court upheld the jury's finding that Goracke was a sexually violent predator. 27 Kan. App. 2d at 839-40.

In reviewing the record, there is no indication that the filing in federal court affected the scheduling of Searcy's trial date. Shortly after Searcy's waiver of his right to contest the probable cause finding, the district judge set the matter for hearing on August 11, 2000, 86 days after the probable cause determination. Approximately 3 weeks later, the case was then specifically set for trial on this same date. There is no indication in the record that the 60-day period was ever considered by the district judge, the State, or the respondent, nor was there any attempt by the judge or by the State to set the matter for trial within 60 days.

We conclude that the 60-day period stated in K.S.A. 2001 Supp. 59-29a06 is jurisdictional, mandatory, and a statutory right granted to respondents under the Act. Therefore, because Searcy was not brought to trial within 60 days of his waiver of the right to contest the probable cause finding and the record contains no indication that the trial court granted a continuance prior to the expiration of those 60 days, Searcy's rights under the Act were violated.

Reversed.