(879 P.2d 1143)
No. 70,092

In the Matter of the Application for a Writ of Habeas Corpus by
CRAIG LANCASTER.
Petition for review denied 256 Kan. _____ (December 20, 1994).

Opinion filed September 2, 1994.

*Kathleen L. Sloan*, of Moriarty, Erker & Moore, of Overland Park, for the appellant.

*Debra A. Vermillion* and *Robin A. Lewis*, assistant district attorneys, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL and RULON, JJ.

BRISCOE, C.J.: Craig Lancaster appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to K.S.A. 60-1501. Lancaster alleged prejudice resulting from the failure of Kansas authorities to return him to Kansas for sentencing on convictions that occurred before his incarceration in Missouri. We dismiss the appeal for lack of jurisdiction.

On July 13, 1990, Lancaster pled guilty to three counts of aggravated robbery, a class B felony, in violation of K.S.A. 21-3427. Lancaster was released on bond pending sentencing, which was scheduled for September 21, 1990. When Lancaster's sentencing date arrived, he failed to appear because he was incarcerated in Missouri for crimes he committed after his release on bond from the Kansas convictions. He is presently serving a 30-year sentence in Missouri. When Lancaster failed to appear at sentencing, the Kansas district court issued a warrant for his arrest. On September 12, 1990, he was charged in Johnson County with four additional counts of aggravated robbery, and a warrant for Lancaster's arrest was also issued on those charges.

On April 10, 1991, Lancaster filed a demand for speedy trial in all pending Kansas cases. On July 29, 1991, the Johnson County Sheriff filed a detainer against Lancaster on the three aggravated

robbery convictions. On August 22, 1991, Lancaster filed a second demand for speedy trial. On November 7, 1991, the Johnson County District Attorney informed Lancaster that only untried charges were subject to the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq*. (We note the Agreement on Detainers, K.S.A. 22-4401 *et seq*., applies to prisoners incarcerated in one state who have criminal charges pending against them in another state, not the Uniform Mandatory Disposition of Detainers Act, K.S.A. 22-4301 *et seq*., which applies to prisoners incarcerated in Kansas with charges pending against them in Kansas. See *State v. Rodriguez*, 254 Kan. 768, 771, 869 P.2d 631 [1994]). As regards imposition of sentence on the aggravated robbery convictions, Lancaster was told that he could make himself available to the Kansas district court upon his release from prison. The outstanding detainer was withdrawn by Johnson County on March 5, 1992.

On April 15, 1993, Lancaster filed the present petition for a writ of habeas corpus. He sought dismissal of the untried aggravated robbery charges under the Agreement on Detainers because he had not been brought to trial within 180 days from the date the detainer was filed against him. At the hearing on the petition, the district court dismissed these pending charges at the State's request. As regards the aggravated robbery convictions in which he had pled guilty but had not been sentenced, he sought dismissal of these convictions as well. He argued that, pursuant to K.S.A. 22-3424(3), his sentence should have been pronounced "without unreasonable delay" after he was found guilty of these charges. Although he conceded the Agreement on Detainers did not apply to his aggravated robbery convictions, he contended that a delay of 900 days for sentencing was unreasonable, arguing the delay was prejudicial because he was deprived of the opportunity to receive a sentence which he could serve concurrent with his Missouri sentence.

The district court denied Lancaster's petition after concluding his right to speedy trial was not violated by a delay in sentencing after a plea of guilty, citing *State v. Freeman*, 236 Kan. 274, 279-80, 689 P.2d 885 (1984). The court also held the delay in sentencing was not unreasonable. The court denied Lancaster's mo-

tion for reconsideration, rejecting his argument that his incarceration in Missouri was insufficient reason to delay sentencing.

This court raised on its own motion whether we have jurisdiction to address Lancaster's habeas corpus petition. The parties have filed supplemental briefs on the jurisdictional issue.

Lancaster is imprisoned in Missouri, but brought this habeas corpus action in Johnson County challenging the delay in sentencing on his Johnson County convictions. Lancaster brought this action under K.S.A. 60-1501, which provides:

"Subject to the provisions of K.S.A. 60-1507 *any person in this state* who is detained, confined, ·or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, *physically present in this state* may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." (Emphasis added.)

Under the plain language of 60-1501, the petitioner's presence in this state is a prerequisite to the exercise of habeas corpus jurisdiction. *Cf. Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 498-99, 35 L. Ed. 2d 443, 93 S. Ct. 1123 (1973) (under federal habeas corpus statute, presence of prisoner within federal judicial district is not a jurisdictional prerequisite to exercise of habeas corpus jurisdiction by that district's federal district court). Because Lancaster was not in the state, the district court lacked jurisdiction over the habeas corpus proceeding, and this court lacks jurisdiction over the appeal.

We note that Lancaster's absence from the state does not necessarily leave him without a means to challenge the delay in sentencing. See K.S.A. 60-801 *et seq*. (mandamus). Habeas corpus, however, was not available to him in Kansas.

The appeal is dismissed.