(11 P.3d 89)

No. 84,357

RUSSELL R. MAGGARD, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed September 22, 2000.

Russell R. Maggard, appellant pro se.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before Brazil, C.J., Green, J., and William F. Lyle, Jr., District Judge, assigned.

Green, J.: Russell R. Maggard appeals from a ruling of the trial court denying relief in proceedings under K.S.A. 60-1507. On appeal, Maggard argues (1) that he was denied his right to a speedy trial; (2) that he was denied effective assistance of trial and appellate counsel; (3) that he was denied a fair trial because the original trial court erred in admitting K.S.A. 60-455 evidence without holding the required hearing; and (4) that the trial court erred in denying his K.S.A. 60-1507 motion without appointing counsel. We disagree and affirm.

Maggard was convicted and sentenced in both Missouri and Kansas for a series of arsons in the Kansas City area. Maggard's Kansas convictions for two counts of arson were affirmed in *State v. Maggard*, 16 Kan. App. 2d 743, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992).

On August 21, 1998, Maggard moved to vacate his Kansas sentence under K.S.A. 60-1507, claiming four grounds. The trial court denied Maggard's 60-1507 motion without appointing counsel or holding an evidentiary hearing. The trial court found that the points raised in Maggard's motion were either addressed in his direct appeal or were without merit.

Maggard is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. Maggard's sentence under the Kansas Habitual Criminal Act is consecutive to his Missouri sentence. The State of Kansas has filed a detainer against Maggard with the Missouri Department of Corrections.

*Jurisdiction*

Before addressing the merits of Maggard's appeal, it is necessary to resolve a jurisdictional question which appears to be an issue of first impression in Kansas. The State argues that this court lacks jurisdiction to consider a K.S.A. 60-1507 appeal of an inmate who is not currently serving a sentence in Kansas. According to the State, this court lacks jurisdiction to consider the instant case because Maggard is currently incarcerated in Missouri. Although this issue was not addressed below, this court may raise the issue of

jurisdiction at any time if it appears there is a question as to jurisdiction. *Jeffers v. Jeffers*, 181 Kan. 515, 519, 313 P.2d 233 (1957). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999).

Resolution of this issue requires analysis of the prematurity doctrine, which restricts prisoners' attacks on habeas corpus to their current confinement and, conversely, prohibits their attacks on future confinement. See *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-89, 35 L. Ed. 2d 443, 93 S. Ct. 1123 (1973). The United States Supreme Court adopted the prematurity doctrine as it applied to federal habeas corpus claims in *McNally v. Hill*, 293 U.S. 131, 79 L. Ed. 238, 55 S. Ct. 24 (1934), *overruled by Peyton v. Rowe*, 391 U.S. 54, 20 L. Ed. 2d 426, 88 S. Ct. 1549 (1968).

However, the Court later realized that "the prematurity rule of *McNally* in many instances extends without practical justification the time a prisoner entitled to release must remain in confinement." *Peyton*, 391 U.S. at 64. The *Peyton* Court rationalized: "Meaningful factual hearings on alleged constitutional deprivations can be conducted before memories and records grow stale, and at least one class of prisoners will have the opportunity to challenge defective convictions and obtain relief without having to spend unwarranted months or years in prison." 391 U.S. at 65. As a result, *Peyton* overruled *McNally*. 391 U.S. at 67. "The overruling of *McNally* . . . made it possible for prisoners in custody under one sentence to attack a sentence which they had not yet begun to serve. And it also enabled a petitioner held in one State to attack a detainer lodged against him by another State." *Braden*, 410 U.S. at 498. Several state courts have similarly rejected the prematurity doctrine. See, *e.g., Com. ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A.2d 613 (1965); *Landreth v. Gladden*, 213 Ore. 205, 324 P.2d 475 (1958); *In re Chapman*, 43 Cal. 2d 385, 273 P.2d 817 (1954).

We find that the Kansas Legislature did not incorporate the prematurity doctrine into K.S.A. 60-1507. The statute provides: "A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released . . . may at any time move

the court which imposed the sentence to vacate, set aside or correct the sentence." We interpret 60-1507 as permitting an inmate to bring a habeas corpus claim under that statute if: (1) the inmate is in custody, whether in Kansas or elsewhere; (2) the inmate is subject to a sentence of a court of general jurisdiction; and (3) the inmate is claiming that his or her Kansas sentence should be vacated, set aside, or corrected.

Here, although Maggard is currently imprisoned outside the State of Kansas, he may nevertheless attack his Kansas sentence because this state has lodged a detainer against him with the Missouri authorities. As noted previously, it would be senseless to require Maggard and other similarly situated inmates to begin serving their Kansas sentences before allowing them to seek habeas corpus relief under K.S.A. 60-1507.

Because habeas corpus proceedings under 60-1507 are unlike those brought under K.S.A. 1999 Supp. 60-1501, the present case is distinguishable from *In re Habeas Corpus Application of Lancaster*, 19 Kan. App. 2d 1033, 879 P.2d 1143, *rev. denied* 256 Kan. 995 (1994). *Lancaster* held that because 60-1501 explicitly requires the inmate's presence in this state before bringing a habeas corpus petition under that statute, "the petitioner's presence in this state is a prerequisite to the exercise of habeas corpus jurisdiction." 19 Kan. App. 2d at 1035. Because Lancaster was incarcerated in Missouri, this court dismissed his 60-1501 appeal for lack of jurisdiction.

Unlike 60-1501, 60-1507 does not state that the inmate must be in the physical custody of the State of Kansas before the remedy is available. Surely, had the Kansas Legislature intended that the inmate be physically present in Kansas in order to utilize 60-1507, it would have so stated as it did in 60-1501.

Moreover, the Kansas Supreme Court's interpretation of "in custody," as used in K.S.A. 60-1507, has not required that the prisoner be physically confined in order to challenge his or her sentence. For example, in *Baier v. State*, 197 Kan. 602, 606, 419 P.2d 865 (1966), the court addressed the merits of the inmate's 60-1507 claim after holding that he was in custody even though he was out on parole. Similarly, *Miller v. State*, 200 Kan. 700, 704, 438 P.2d

87 (1968), held that an individual on probation remains in custody. In addition, this court loosely interpreted the "in custody" language from 60-1507 in *State v. Aleman,* 16 Kan. App. 2d 784, 785, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992). The *Aleman* court held that issues on appeal were not moot even though the 60-1507 claimant had been paroled from a Kansas sentence and returned to Wyoming on detainer.

We find that this court has jurisdiction to consider Maggard's K.S.A. 60-1507 habeas corpus appeal. Although Maggard is not currently serving the sentence imposed by the State of Kansas, he is nevertheless incarcerated and seeking relief from the sentence imposed by a court of general jurisdiction. As a result, this court will consider the issues raised by Maggard on appeal.

## Issues Raised on Direct Appeal

In his K.S.A. 60-1507 motion, Maggard raised several points that were considered and resolved by this court in his direct appeal. The trial court denied Maggard's 60-1507 motion as it related to the following grounds because these issues were resolved in his direct appeal: (1) the violation of Maggard's right to a speedy trial; (2) the ineffective assistance of trial counsel due to trial counsel's failure to preserve issues relating to the Detainers Act and admission of K.S.A. 60-455 evidence; and (3) the trial court's failure to hold a hearing on the introduction of 60-455 evidence.

A proceeding under K.S.A. 60-1507 may not be utilized as a substitute for a second appeal. Supreme Court Rule 183(c) (1999 Kan. Ct. R. Annot. 197); *Kirk v. State,* 220 Kan. 278, 552 P.2d 633 (1976). As a result, we find that the trial court correctly denied Maggard's motion as to the above-mentioned issues because those points were resolved in his direct appeal.

## Ineffective Assistance of Trial Counsel

In addition to the ineffective assistance of trial counsel issues Maggard brought in his direct appeal, he additionally alleges in his 60-1507 motion that his trial counsel was ineffective because counsel failed to (1) impeach and cross-examine Jesse Kirkland; (2) investigate Kirkland's background; and (3) question Della McDonald

as to why Kirkland threatened her life. The trial court addressed these claims and found them without merit.

Supreme Court Rule 183(c)(3) provides: "[A] proceeding under K.S.A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors . . . . Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." See *Taylor v. State*, 251 Kan. 272, 278, 834 P.2d 1325 (1992).

Here, however, Maggard failed to allege exceptional circumstances which would have excused his failure to bring these trial errors on direct appeal. Moreover, the alleged trial errors do not affect Maggard's constitutional rights. As a result, this court refuses to consider the issues on appeal.

*Ineffective Assistance of Appellate Counsel*

Maggard also argues that he was provided ineffective assistance of appellate counsel in his original appeal. Maggard contends that his appellate counsel should have raised on appeal the issues of (1) whether the trial court should have held a hearing before admitting K.S.A. 60-455 evidence, and (2) whether the trial court erred in instructing the jury on aiding and abetting. Maggard also argues that his appellate counsel was ineffective because counsel failed to preserve certain issues for federal habeas corpus review.

To establish denial of effective assistance of counsel on appeal, a defendant must show (1) that counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced to the extent that a reasonable probability exists that, but for counsel's deficient performance, the appeal would have been successful. *Baker v. State*, 243 Kan. 1, 7, 755 P.2d 493 (1988).

Maggard's contention that appellate counsel was ineffective because of counsel's failure to raise the lack of a 60-455 hearing is totally without merit. This issue fails because, as previously addressed, it was considered in Maggard's direct appeal.

The second issue asserted by Maggard in his claim of ineffective assistance of counsel, failure to raise an issue regarding the aiding and abetting instruction, is also without merit. Maggard has failed to meet either prong of the test adopted by the *Baker* court. "The failure of counsel to raise an issue on appeal is not, per se, to be equated with ineffective assistance of counsel." 243 Kan. at 9. As a result, we find that Maggard was not denied effective assistance of counsel merely because his appellate counsel elected not to raise the jury instruction issue on appeal.

Maggard's final contention, that appellate counsel was ineffective because of counsel's failure to preserve certain issues for federal habeas corpus review, is likewise without merit. As noted by the trial court, Maggard has not presented any evidence that federal habeas corpus relief has been sought and denied, or any indication why it would be denied if it were sought. As a result, Maggard cannot show that counsel was ineffective in preserving federal issues. We find that Maggard was not denied effective assistance of appellate counsel.

*Denial of Maggard's K.S.A. 60-1507 Motion without Appointment of Counsel*

Finally, Maggard contends that the trial court erred in denying his 60-1507 motion without appointing counsel. Our standard of review is whether the trial court abused its discretion in refusing to appoint counsel. *Estes v. State*, 221 Kan. 412, 413-14, 559 P.2d 392 (1977).

Supreme Court Rule 183(i) provides: "If a motion presents substantial questions of law or triable issues of fact the court shall appoint counsel to assist the movant if he is an indigent person." See *State v. Jackson*, 255 Kan. 455, Syl. ¶ 4, 874 P.2d 1138 (1994). Here, the trial court found that Maggard's 60-1507 motion did not present substantial questions of law or triable issues of fact. This finding is within the discretion of the trial court and no error is present.

Affirmed.