**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL R. MAGGARD,

        Petitioner - Appellant,

v.

JAMES A. GAMMON, Warden;
CARLA STOVALL, Attorney General
of Kansas,

        Respondents - Appellees.

No. 02-3177
D.C. No. 01-CV-3081-DES
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Russell R. Maggard, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying relief on his petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  Because Mr. Maggard has failed to make "a substantial

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. Maggard was convicted by a jury in Kansas state court of two counts of arson. He was sentenced to two consecutive terms of five to ten years imprisonment, which was then doubled under the Kansas Habitual Criminal Act, Kan. Stat. Ann. § 21-4504, to consecutive terms of ten to twenty years. On direct appeal, the Kansas Court of Appeals ("KCOA") affirmed Mr. Maggard's conviction but remanded the case for resentencing because, in the court's view, the trial court imposed a habitual criminal increase without competent evidence of Mr. Maggard's prior convictions. On remand, the trial court imposed the same sentence but "without articulating a statutory basis for its discretionary conclusion," State v. Maggard, No. 71,558 (Kan. Ct. App. Feb 3, 1995) (quoted at R. Doc. 8 at 6), and so the case was again remanded by the KCOA for resentencing. Finally, the trial court resentenced Mr. Maggard to the same term, and the KCOA affirmed the sentence in 1998. State v. Maggard, 953 P.2d 1379 (Kan. Ct. App. 1998). Mr. Maggard's post-conviction appeal to the Kansas state courts was unsuccessful, Maggard v. State, 11 P.3d 89 (Kan. Ct. App. 2000), and he filed a request for federal habeas relief in 2001.

Mr. Maggard raised four claims before the federal district court and reasserts them on appeal: (1) the failure to bring him to trial within the time

provisions of the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C. App. § 2, violated his constitutional rights, (2) the trial court's failure to conduct an evidentiary hearing prior to introduction of prior bad acts evidence violated his due process rights, (3) ineffective assistance of appellate counsel, and (4) ineffective assistance of trial counsel.

We have carefully reviewed Mr. Maggard's brief, the district court's thorough disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a COA. For substantially the same reasons as set forth by the district court in its order of April 22, 2002, R. Doc. 8, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

In particular, Mr. Maggard relies upon New York v. Hill, 528 U.S. 110 (2000), as supporting the notion that a violation of the IAD is cognizable under § 2254. The case came to the Supreme Court from the New York Court of Appeals, and held that defense counsel could waive a defendant's speedy trial rights under the IAD. Hill, 528 U.S. at 114. It does not directly or by implication suggest that an IAD violation is cognizable under § 2254. Even if we were to so find, Mr. Maggard has not alleged facts sufficient to support a "substantial

showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Absent here is any showing of "special circumstances" that drive the IAD violations–if in fact they occurred–to the level of depriving Mr. Maggard of some constitutionally protected right. Greathouse v. United States, 655 F.2d 1032, 1034 (10th Cir. 1981).

So also Mr. Maggard's objections to the trial court's admission of prior bad acts evidence do not rise to the level of denial of a constitutional right, and mere errors of state law cannot form the basis for habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citations omitted). This court will not, as a general matter, revisit state court evidentiary rulings "unless the rulings in question rendered the trial so fundamentally unfair as to constitute denial of federal constitutional rights." Moore v. Marr, 254 F.3d 1235, 1246 (10th Cir. 2001) (quotation omitted).

Finally, Mr. Maggard's ineffective assistance claims were rejected by the Kansas Supreme Court due to a procedural bar, and, because the decision of the state court rested on an "independent and adequate" state procedural ground, this Court cannot review it absent a showing of "cause" and "prejudice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent

and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law."). Moreover, petitioner has failed to satisfy the "prejudice" prong of the test for constitutionally ineffective assistance of counsel insofar as nothing in the record indicates that there is a reasonable probability that the result of the proceedings would have been different but for Mr. Maggard's counsels' alleged transgressions.

Accordingly, we DENY Petitioner's request for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge