NOT DESIGNATED FOR PUBLICATION

No. 118,720

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARK D. BRULL,
*Appellant*,

v.

TIM KECK, Secretary of the Kansas Department for
Aging and Disability Services, et al.,
*Appellees.*

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed October 5, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kelly G. Cunningham*, senior litigation counsel, Kansas Department for Aging and Disability Services, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: Mark D. Brull appeals the Pawnee County District Court's dismissal without prejudice of 12 pending cases filed by Brull under K.S.A. 60-1501. Brull, now in federal custody serving a sentence outside of Kansas, argues the district court confused mootness with jurisdiction and the dismissals were error. We find no error by the district court and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

Brull was convicted of two sex crimes in Shawnee County in the mid-1990s. He later stipulated he was a sexually violent predator, as alleged in a petition filed under the provisions of the Kansas Sexually Violent Predator Act (KSVPA) K.S.A. 59-29a01, et seq. As a result, the district court committed Brull to the custody of the Kansas Department of Social and Rehabilitation Services. The responsibility for custody of Brull and others classified in the same way was later transferred to the Kansas Department for Aging and Disability Services (KDADS). Between 2009 and 2012, Brull filed numerous cases in the Pawnee County District Court alleging violations of his constitutional rights as a person subject to the Sexual Predator Treatment Program (SPTP). These cases included:

- 09CV41, alleging the SPTP violated his rights to phone access and visitation;
- 09CV53, alleging the SPTP's treatment did not provide him a realistic chance of regaining his freedom and the denial of his use of his property;
- 09CV75, alleging the "point system" utilized by the Intensive Treatment Unit is "a roller coaster ride, of indecision, uncertainty, biases and fundamental unfairness";
- 09CV85, alleging the SPTP denied him a safe and secure environment, broke confidentiality, and denied him care and treatment;
- 10CV1, alleging the SPTP denied him access to his family, restricted his phone access, and refused him due process;
- 10CV8, alleging the SPTP illegally placed a blanket prohibition on certain magazines;
- 10CV34, alleging unsanitary and unmaintained living conditions, and inability to practice his chosen religion;
- 10CV42, alleging unsanitary conditions, exposure to health risks, and the denial of mail;

2

- 10CV48, alleging the SPTP violated his constitutional rights by performing room searches, denying mail access, and denying freedom of association, among other allegations;
- 11CV4, alleging the SPTP denied him the ability to go outside at various points, denied him privacy by opening mail in view of other residents, and forced him to live in unsanitary conditions, among other claims.

The district court consolidated these cases and appointed counsel for Brull. In 2012, Brull filed two additional habeas corpus petitions, though writs had not been issued nor counsel appointed. In 12CV26, he alleged the SPTP destroyed some of his property and that the SPTP's policies were devoid of basic human rights, among other claims. In 12CV30, Brull alleged cruel and unusual punishment, negligent handling of his property, and that the SPTP violated confidentiality and refused to address his psychological and physical needs.

While Brull was a participant in the SPTP, the federal government charged him with soliciting or enticing a minor to engage in sexually explicit conduct and with receiving sexually explicit material from the same minor. Brull pled guilty and was placed in the custody of the Federal Bureau of Prisons. In his brief, Brull reported he was incarcerated at the Federal Correctional Institution in Petersburg, Virginia, with a release date in July 2021.

In 2013, KDADS filed a motion to dismiss 09CV53 and its consolidated cases because Brull no longer was confined as a part of the SPTP. It also asked the district court to dismiss 12CV26 and 12CV30 without issuing a writ. Brull argued the case either should proceed or be stayed because he remained in custody under the KSVPA.

Although Brull was not present, his counsel was present on his behalf at the district court's hearing on the KDADS motion to dismiss. KDADS argued the district

3

court no longer had jurisdiction to consider Brull's habeas actions because he was no longer detained, confined, or restrained of his liberty in Kansas. It also argued Brull's habeas petitions were moot because he no longer was in its care or custody. Brull contended that jurisdiction had existed at the time the habeas petitions were filed, giving the district court jurisdiction even though he was no longer in state. Additionally, he argued the cases were not moot because KDADS had filed a detainer and retained a legal hold. After hearing argument from KDADS and Brull's attorney, the district court dismissed Brull's K.S.A. 60-1501 habeas corpus petitions without prejudice.

Brull timely appeals.

ANALYSIS

Brull contends the district court "confuse[d] jurisdiction with mootness" then committed error by dismissing his K.S.A. 60-1501 petitions "merely because he was no longer present" in Kansas. He seeks reversal of the dismissal and remand.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Furthermore, to the extent resolution of this issue requires statutory interpretation, this court's review is unlimited. See *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015).

*Jurisdiction*

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to

4

ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

K.S.A. 2017 Supp. 60-1501(a) states, in relevant part:

"Subject to the provisions of K.S.A. 60-1507, and amendments thereto, *any person in this state* who is detained, confined or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, physically present in this state *may prosecute a writ of habeas corpus* in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." (Emphases added.)

KDADS argues the district court lost jurisdiction to consider Brull's petitions when he was removed from the state to serve his federal prison sentence and directs us to *In re Habeas Corpus Application of Lancaster*, 19 Kan. App. 2d 1033, 879 P.2d 1143 (1994). In that case, Lancaster pled guilty in Kansas to three counts of aggravated robbery. While on bond pending sentencing, he was imprisoned in Missouri for crimes he committed during that gap in his Kansas case. He faced a 30-year sentence in Missouri. Through a petition for a writ of habeas corpus, Lancaster sought dismissal of his untried Kansas cases because of the delay after a detainer was filed against him, as well as dismissal of the three convictions, based on the delay in sentencing. The district court denied his petition on its merits.

On Lancaster's appeal, this court questioned the district court's jurisdiction to consider his habeas corpus petition because he was imprisoned in Missouri. It concluded: "Under the plain language of 60-1501, the petitioner's presence in this state is a prerequisite to the exercise of habeas corpus jurisdiction." 19 Kan. App. 2d at 1035. Since Lancaster was not present in the state, the district court did not have jurisdiction to consider his petition and this court did not have jurisdiction over the appeal. 19 Kan. App. 2d at 1035.

Brull argues *Lancaster* is distinguishable because Brull was in Kansas at the times he filed his petitions for writs of habeas corpus, while Lancaster was outside the state when he filed. We are not persuaded that presence when filing, followed by absence before resolution of the petition, supports a result different from the one in *Lancaster*.

The restriction in K.S.A. 2017 Supp. 60-1501(a) requires no interpretation. It plainly states only a "person in this state" may "prosecute" a writ of habeas corpus. According to Black's Law Dictionary 1416 (10th ed. 2014), to "prosecute" means more than the simple initiation of a cause of action. Instead, in relevant part, it states "prosecute" means: "To commence *and carry out* (a legal action)." (Emphasis added.) "Prosecute," used in this sense, is found elsewhere in K.S.A. 2017 Supp. 60-241(b), which states a cause of action may be dismissed for failure to prosecute.

The requirement of the statute is clear—for jurisdiction to exist under K.S.A. 60-1501(a), the person seeking relief must be in Kansas not only to file, but to see the case through. That requirement is consistent with the obvious purpose of the statute—to provide an avenue for a person to claim relief from conditions under which the person is being "detained, confined, or restrained" in this state. If the person is not detained, confined, or restrained in Kansas, our courts have no basis upon which to order relief. We fail to see a distinction between this case and *Lancaster*, and find the district court correctly dismissed Brull's cases.

*Mootness*

Although we see no evidence supporting Brull's claim the district court was "confused" about whether the dismissal was for jurisdiction or mootness, the two are related under the present facts. Because of Brull's anticipated lengthy absence, the district court found he "cannot show that the condition at SPTP . . . will be the same in 7 plus years at the first opportunity for which [Brull] could return to the custody of SPTP." Brull

6

only argues two of his cases—09CV53 and 09CV75—are not moot; he has not challenged this aspect of the district court's order on the remaining cases. Issues not briefed by the appellant are deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Therefore, Brull has abandoned this issue for all cases except 09CV53 and 09CV75.

Mootness is a doctrine of court policy, which was developed through court precedent, and appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness doctrine recognizes that the role of the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.' [Citations omitted]." *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *Hilton*, 295 Kan. at 849).

The mootness test has been described as a determination whether "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. [Citation omitted.]" *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016).

As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. An exception to the general rule relating to mootness is recognized when the case involves a question of public interest even though the case has become moot as to the present parties. That exception, however, is narrow: "Public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct. [Citation omitted.]" *State v. Hayden*, 52 Kan. App. 2d 202, 206, 364 P.3d 962 (2015), *rev. denied* 305 Kan. 1255 (2016).

7

In *Shanks v. Nelson*, 258 Kan. 688, 907 P.2d 882 (1995), the Kansas Supreme Court addressed whether Shanks' habeas action was moot since he was no longer present in the state. Shanks had filed a 60-1501 petition challenging his confinement in administrative segregation as a violation of his liberty interest. However, while on appeal, Shanks was transferred from administrative segregation to conditional release in Texas. Further, if he returned to serve the balance of his sentence, he would not be subject to the administrative segregation order he had been confined under. Since Shanks only challenged his administrative segregation, and he would not be returned to administrative segregation under the existing order if he returned to Kansas, Shanks' habeas action was moot. The Kansas Supreme Court concluded:

> "We acknowledge that resolution of the issues raised by the petitioner may be beneficial to the Department of Corrections and both counsel, who frequently work in this area of the law. However, while the issue is important, it is not of extreme public importance. The actual controversy generating this case has ceased to exist, and any judgment entered would have no effect on the parties and would be an idle act insofar as rights involved in the action concerned." 258 Kan. at 693.

In 09CV75, Brull alleged the "point system" utilized by the Intensive Treatment Unit (ITU) is "a roller coaster ride, of indecision, uncertainty, biases and fundamental unfairness." He challenged only the point system used in the ITU. But the ITU has since been disbanded. See *Merryfield v. Sullivan*, No. 109,556, 2014 WL 1707654 (Kan. App. 2014) (unpublished opinion) (noting the ITU no longer existed). Paralleling *Shanks,* Brull is not subject to that point system upon his return to the SPTP because the unit no longer exists. Since the controversy no longer exists, judgment would have no effect on the parties. Accordingly, 09CV75 is moot.

Brull argues his other case, 09CV53, is not moot because it concerns whether the treatment gives him a realistic opportunity to improve or cure his condition and whether

8

it fails to address his individual needs. He contends the issues about which he complains in 09CV53 also affect other individuals placed in civil confinement.

In *Johnson v. State*, 289 Kan. 642, 655, 215 P.3d 575 (2009), the Kansas Supreme Court declined to address whether the SPTP program would have provided constitutionally adequate treatment if residents who willingly failed to comply with treatment had complied with their treatment program. The Kansas Supreme Court held that answering the question would require an advisory opinion. 289 Kan. at 655.

While Brull is not refusing treatment, neither is he actually receiving treatment from the SPTP at this point, because he is in federal custody. He is not scheduled for release from that custody until at least 2021, more than 12 years after he filed 09CV53. The district court may not speculate whether any treatment Brull might receive in 2021 would violate his constitutional rights. And, since Brull is not currently receiving treatment, "[t]he actual controversy generating this case has ceased to exist, and any judgment entered would have no effect on the parties and would be an idle act insofar as rights involved in the action concerned." *Shanks*, 258 Kan. at 693. Thus, this case also is moot. Further, the district court may not deliver an advisory opinion concerning the effect on others of the circumstances Brull cited in his petition.

The district court dismissed Brull's cases without prejudice. The court commented "if Mr. Brull on a future date can satisfy jurisdictional requirements, and satisfy the doctrine of mootness, and can show that circumstances are the same as of that date as to when he originally filed, he could elect to re-file." If, when Brull returns to the SPTP, he chooses not to refile but has complaints about the conditions of his confinement, he can address those actual conditions at that time. There was no error by the district court.

Affirmed.

9