NOT DESIGNATED FOR PUBLICATION

No. 119,804

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID C. JORDAN,
*Appellant*,

v.

KANSAS DEPT. OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 15, 2019. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: David C. Jordan appeals the Leavenworth County District Court's judgment dismissing his habeas corpus petition under K.S.A. 2017 Supp. 60-1501 for lack of subject matter jurisdiction. Jordan contends that the district court has jurisdiction because he remains in the legal custody of the Kansas Department of Corrections even though he has been transferred to the Texas penal system through the Interstate Corrections Compact (ICC), K.S.A. 76-3001 et seq. Jordan is correct. We, therefore, reverse and remand to the district court for further proceedings.

1

Jordan was convicted of first-degree murder in 1991 in a jury trial in Seward County District Court and has been in the custody of the Department of Corrections since then serving his sentence. We gather he has had various difficulties within the Kansas prison system. Jordan has been transferred among facilities in the state and has spent a significant amount of time in administrative segregation. In 2012, the Department of Corrections arranged for Jordan to be placed in the Texas penal system under the terms of the ICC. So far as we are aware, Jordan has been in Texas prisons since then, continuing to serve his Kansas sentence. A state that has adopted the ICC may by agreement either transfer a prisoner to another participating state to serve a sentence or receive a prisoner from another state. Transfers may be made for security reasons or other considerations. Nobody disputes Jordan was properly transferred to Texas and the ICC governs the transfer.

On October 27, 2017, Jordan filed a petition for a writ of habeas corpus under K.S.A. 2017 Supp. 60-1501 alleging he has been held in administrative segregation in a Texas prison for an extended time and the conditions imposed on him, including solitary confinement, are considerably more onerous than those imposed on the general inmate population. Additional details of the underlying claim are immaterial to the issue on appeal. We mention, however, the Kansas Supreme Court has recently recognized that prolonged solitary confinement or extended exposure to other harsh conditions in administrative detention may present grounds for relief under K.S.A. 60-1501 depending upon the particular circumstances. See *Jamerson v. Heimgartner*, 304 Kan. 678, 685-86, 372 P.3d 1236 (2016).

On February 25, 2018, the district court held a nonevidentiary hearing on the petition, but Jordan did not participate either in person or by telephone. A lawyer for the Department of Corrections suggested the district court did not have jurisdiction because Jordan was physically in Texas rather than Kansas. The district court issued a short order five days later dismissing the petition for lack of jurisdiction. The district court cited *In re*

2

*Habeas Corpus Application of Lancaster*, 19 Kan. App. 2d 1033, 879 P.2d 1143 (1994), as authority. Jordan has appealed the dismissal of his petition.

The issue is simply whether the district court lacked jurisdiction to hear the 60-1501 petition because Jordan was serving a prison sentence imposed by a Kansas court in a Texas prison under the ICC. By its literal terms, K.S.A. 60-1501 could be read to require the physical presence of an inmate within the geographical boundaries of Kansas to file a petition. As provided in K.S.A. 2017 Supp. 60-1501(a):

> "[A]ny person in this state who is detained, confined or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, physically present in this state may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

The statute permits a person confined "in this state" to file a petition. The statute also contains the phrase "physically present in this state," although that language appears to apply to habeas corpus proceedings involving infants and incapacitated or incompetent persons rather than prison inmates.

As we have said, the Department of Corrections placed Jordan in the Texas prison system under the ICC. As provided in the ICC, Texas acts "solely as agent for" Kansas in receiving and incarcerating Jordan. K.S.A. 76-3002, art. IV(a). And transferred inmates "shall at all times be subject to the jurisdiction of the sending state," here Kansas. K.S.A. 76-3002, art. IV(c). More particularly, the transfer to and confinement in an out-of-state facility "shall not deprive any inmate . . . of any legal rights [he or she] would have had if confined in an appropriate institution of the sending state." K.S.A. 76-3002, art. IV(e). Those provisions mandate that Jordan retains the legal rights he would have if incarcerated in Kansas, including the habeas corpus protections secured in K.S.A. 2017 Supp. 60-1501.

3

The requirements of the ICC must be read in conjunction with K.S.A. 60-1501. Considered in tandem, the ICC and K.S.A. 60-1501 permit Jordan to file a petition in the Kansas courts challenging the terms of his confinement, since he enjoys the legal rights he would have as an inmate physically detained in a Kansas prison. And Texas acts only as an agent for the Department of Corrections in accepting and housing Jordan. Our conclusion rests on a straightforward application of the canon that calls for statutes on the same or related subjects to be read in a harmonious way. See *In re Estate of Rickabaugh*, 51 Kan. App. 2d 902, Syl. ¶ 6, 358 P.3d 859 (2015) ("The canon of in pari materia calls for related statutes to be construed in a harmonious way, reconciling apparent conflicts, if possible, to effectuate legislative intent."), *aff'd* 305 Kan. 921, 390 P.3d 19 (2017). Under the ICC, the Department of Corrections retains legal custody over Jordan and has merely ceded his physical presence to Texas. In doing so, the Department of Corrections, acting through the ICC, has agreed Jordan concomitantly retains his legal rights under Kansas law.

Another canon recognizes that a later statute typically will be read to modify an earlier statute on the same subject to the extent they may be in conflict. See *Richards v. Etzen*, 231 Kan. 704, 707-08, 647 P.2d 1331 (1982). Here, the language of K.S.A. 60-1501(a) was enacted in 1963, although habeas corpus has roots in the State's territorial days. The Legislature adopted the ICC in 1972, so its provisions should be considered superseding. To the extent there might be a conflict between the two statutes, the ICC prevails and, in turn, secures for Jordan the right to file a 60-1501 petition.

The district court's reliance on the *Lancaster* case is misplaced. There, Lancaster filed a 60-1501 petition challenging a delay in sentencing him on convictions in Kansas. Between those convictions and his sentencing date,

4

Lancaster managed to commit crimes in Missouri for which he was arrested, convicted, sentenced, and incarcerated. So at the time he filed his 60-1501 petition, Lancaster was serving a 30-year sentence in a Missouri prison for the Missouri crimes. This court held that he could not file a 60-1501 petition, since he was in prison in another state because of convictions and sentences rendered against him in that state. 19 Kan. App. 2d at 1035. Those circumstances are factually and legally inapposite to the Department of Corrections' transfer of a person with a Kansas sentence to an out-of-state prison to serve that sentence under the ICC.

The district court, therefore, erred in concluding it lacked jurisdiction to consider Jordan's 60-1501 petition. On appeal, the Department of Corrections doesn't even argue lack of jurisdiction. Rather, it contends Jordan's petition is itself deficient and may be dismissed for those deficiencies. We decline to take up those points because the district court did not consider or rule on them and Jordan did not have the opportunity to address them in that forum.

We hold that the district court has jurisdiction over Jordan's petition and, therefore, remand for further proceedings. In doing so, we refrain from any additional comment on other aspects of the case.

Reversed and remanded for further proceedings.